[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT NO. 134
The plaintiff filed this motion for contempt dated April 10, 1995, alleging that the defendant failed to pay the college expenses of the parties' child. A hearing was held on May 15, 1995, at which time the court heard evidence. At that hearing, the court learned that the defendant had filed a Chapter 13 petition in bankruptcy on March 9, 1995. He later filed a Chapter 7 petition on April 26, 1995.
The following facts form the background of this case. The marriage of the parties was dissolved on January 6, 1978. The parties had one son, born September 24, 1976. The plaintiff was represented by counsel and the defendant appeared pro se. In connection with the dissolution, the defendant agreed to the terms of a letter dated July 20, 1977, prepared by the plaintiff's counsel, which included the following provision: "[You] will pay for your son's college education if you son is qualified and desires to attend college." The judgment dissolving the marriage on January 6, 1978 stated "that the Defendant shall pay for the college education of said child if he qualifies and desires to attend college."
On September 19, 1994, the plaintiff filed a motion for contempt (No. 127) requesting that the court find the defendant in contempt for failing to pay the college education expenses of the child. On October 14, 1994, the court (Moraghan, J.) found the defendant in contempt and ordered him to pay the full amount of the child's college education expenses at the rate of $100 per week beginning on December 1, 1994, and further ordered an immediate wage withholding.
Pursuant to this order, the plaintiff received thirteen payments before the defendant ceased paying.
The plaintiff asserts that the automatic stay pursuant to section 362 of the Bankruptcy Code is inapplicable to the instant matter because the payment of education expenses in the nature of CT Page 5143 child support and is non-dischargeable. 11 U.S.C. § 362 provides, in pertinent part: "(b) The filing of a petition . . . does not operate as a stay — (2)(B) of the collection of alimony, maintenance, or support from property that is not property of the estate. . . ."
The defendant contends that payments for his son's college expenses are not in the nature of child support and, therefore, the motion for contempt is subject to the automatic stay. He further argues that his court has no jurisdiction to determine the dischargeability of the debt.
In Lewis v. Lewis, 35 Conn. App. 622, 627 (1994), the court concluded that the issue of dischargeability was properly before the state trial court. The court said that a non-bankruptcy court could determine dischargeability issues other than those concerning the exceptions carved out in section 523(a)(2), (4) and (6) of the code involving fraud, theft and willful or malicious injury. Id., 626-27.
11 U.S.C. § 523(a)(5) denies discharge of a debt arising from an obligation for support of the debtor's child pursuant to a divorce decree. In re Brown, 74 B.R. 968, 972-73 (Bkrtcy. D.Conn. 1987) held that the debtor's obligation to pay for college education was in the nature of child support and not dischargeable.
At the time of the dissolution, the plaintiff-wife was earning $112.50 per week. The defendant-husband was attending college and receiving $200 per month from the government. Until he no longer received this income from the government, he was to contribute $50 per month in child support in addition to the $50 he was to pay in child support each week. Since the defendant attended college after his marriage, he clearly recognized the advantages of a college education for himself. The court concluded that he intended to secure such advantages for his son. In addition, he agreed to provide a $2,000 life insurance endowment payable to his son when he reached twenty-one (21) years of age. This provision demonstrates that the defendant's intention was to provide a modicum of support for the child after he reached the age of eighteen (18) years.
Accordingly, the court finds that the provision for payment of the child's college expenses is in the nature of child support. See In re Brown, supra, 74 B.R. 972-73;11 U.S.C. § 523(a)(5). It is not dischargeable in bankruptcy and, therefore, CT Page 5144 the automatic stay is inapplicable to this motion for contempt.
From the credible evidence presented on May 15, 1995, the court finds that the plaintiff expended $7,628 for her son's freshman year. The defendant paid $1,300 of that amount from December, 1994 to February 28, 1995. At the time of the hearing, the defendant was in arrears in the sum of $1,000. Therefore, the court finds that the defendant is in contempt of the decree and, more specifically, the order of October 24, 1994.
The defendant is to pay the arrearage and the weekly order entered by the court (Moraghan, J.) on October 14, 1994, from post-petition income and assets.
Leheny, J.